ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUAN RAFAEL MARTINO DÍAZ<br><br>Apelante<br><br>v.<br><br>MEDIREC INC; MEDIREC LLC; JULIO CESAR CAJIGAS JIMÉNEZ Y OTROS<br><br>Apelados | KLAN202400755 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2024CV01398<br><br>Sobre: Incumplimiento de contrato |

Panel integrado por su presidente, el juez Salgado Schwarz, el juez Monge Gómez y la juez Díaz Rivera.[1]

Salgado Schwarz, Carlos G., Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 19 de marzo de 2026.

Comparece ante nos Juan Rafael Martino Díaz (en adelante, "Martino Díaz" o "apelante") y nos solicita que revoquemos dos *Sentencias Parciales* emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan. La primera *Sentencia* emitida el 29 de mayo de 2024, notificada el día siguiente, y la segunda *Sentencia* emitida el 6 de agosto de 2024, notificada el día siguiente. Mediante los referidos dictámenes, el foro primario declaró *Ha Lugar* unas solicitudes de desestimación presentadas por Jarel Cajigas Román (en adelante "Jarel Cajigas", Yarinés Vázquez Acevedo (en adelante "Vázquez Acevedo") y la Sociedad Legal de Bienes Gananciales compuesta por ambos, y también por Joel Josué Cajigas Román (en adelante "Joel Cajigas"), Jessica Marie Colón Franco (en adelante "Colón Franco")

---

[1] Mediante Orden Administrativa OATA-2026-003 del 20 de enero de 2026 se designa a la Hon. Karilyn M. Díaz Rivera para atender los asuntos post sentencia.

y la Sociedad Legal de Bienes Gananciales compuesta por ambos; en adelante y en conjunto, "apelados". En su consecuencia, desestimó las reclamaciones de la *Demanda* en contra de los apelados.

Por los fundamentos que exponemos a continuación, **confirmamos** las *Sentencias Parciales* apeladas.

-I-

En lo referente a la controversia que nos ocupa, el 9 de febrero de 2024, Martino Díaz presentó una *Demanda*[2] en contra de Medirec Inc.; Medirec LLC (en adelante y en conjunto "MEDIREC" o "la corporación"); Joel Cajigas Román, su esposa Jane Doe y la Sociedad Legal de Gananciales compuesta por ambos; Jarel Josué Cajigas Román, su esposa Yarinés Vázquez Acevedo y la Sociedad Legal de Gananciales compuesta por ambos; Julio César Cajigas Jiménez, su esposa Sonia Margarita Román González y la Sociedad Legal de Gananciales compuesta por ambos; Fulano De Tal; Y Mengano De Tal (en adelante y en conjunto "demandados"). Dicha *Demanda* fue incoada sobre incumplimiento de contrato, violación de deberes fiduciarios, cobro de dinero, descorrer velo corporativo, fraude y daños y perjuicio. En síntesis, alegó que los demandados utilizan la corporación MEDIREC, Inc. y MEDIREC, LLC como un *alter ego* en interés de lucrarse personalmente, y en fraude al Estado y sus accionistas. Adujo que Jarel y Joel Cajigas son hijos de los codemandados, Julio César Cajigas Jiménez y Sonia Margarita Román González. Sostuvo, en lo pertinente, que Jarel y Joel Cajigas, junto a su padre, suscribieron un *Common Stock Purchase Agreement*, mediante el cual

---

[2] Apéndice del Recurso Apelativo, Págs. 32-39.

Martino Díaz adquirió 40,000 acciones comunes a un valor par de cinco dólares ($5.00) cada una, para un total de $200,000.00. Además, alegó que el 20 de febrero de 2010, se emitió un Certificado de Acciones para documentar las acciones compradas, y que Joel Cajigas firmó como secretario de la corporación. Indicó que Jarel y Joel Cajigas, al igual que sus padres, intercambian los puestos oficiales, directivos, la designación de persona autorizada, agente residente e incorporador de la entidad.

Luego de varios incidentes procesales, el 6 de mayo de 2024, Jarel Cajigas presentó una *Moción sin Someterse a la Jurisdicción de Desestimación por Inexistencia de Causa de Acción; Inmunidad Corporativa de Accionistas Directores u Oficiales*.[3] En resumen, alegó que no fue parte del *Common Stock Purchase Agreement*, ya que compareció en calidad de tesorero de la corporación, y que es un mero oficial de la empresa. Adujo, además, que es un ejecutivo u oficial de la corporación codemandada, por lo que tiene inmunidad corporativa. Por otro lado, adujo que Martino Díaz no puede entablar un pleito para descorrer el velo corporativo, hasta tanto obtenga una Sentencia y no la pueda ejecutar. En fin, alegó que una alegada violación de un contrato solo le da una causa de acción en contra de la corporación y no en contra de este de manera personal, ya que la *Demanda* alega hechos presuntamente atribuibles solamente a la corporación.[4]

---

[3] Apéndice del Recurso Apelativo, Págs. 90-104.
[4] El 7 de mayo de 2024, el foro primario le concedió a la Martino Díaz veinte (20) días para exponer su posición (Entrada Núm. 22 del Caso Núm. SJ2024CV01398 del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Transcurrido el término sin este comparecer, se dio por sometida la solicitud de desestimación sin oposición.

El 29 de mayo de 2024, notificada el día siguiente, el foro primario emitió una *Sentencia Parcial*.[5] A través de esta, declaró *Ha Lugar* la solicitud de desestimación del codemandado Jarel Cajigas. En consecuencia, desestimó la reclamación en contra de este y la Sociedad Legal de Gananciales compuesta por él y Yarinés Vázquez Acevedo.

En desacuerdo, el 14 de junio de 2024, Martino Díaz presentó una *Moción en Solicitud de Determinaciones de Hechos Iniciales y Reconsideración*.[6] En la mencionada *Moción*, alegó que Jarel Cajigas fue emplazado correctamente en su carácter personal y como integrante de la Sociedad de Gananciales. Adujo, además, que las alegaciones de la *Demanda* detallan que Jarel Cajigas fue partícipe de actuaciones sobre falta de fiducia que le han causado daños y perjuicios, como accionista de la corporación. Resaltó que este firmó el contrato de compra de acciones como tesorero de la corporación, pero que, sin embargo, no se acreditó una resolución corporativa que le concediera la facultad para comparecer. Por otro lado, alegó que la Ley de Corporaciones no requiere que se emita una Sentencia contra una corporación para entonces recurrir en contra de los accionistas, funcionarios y oficiales. Por último, alegó que la causa de acción presentada contenía una acción derivativa a favor de este, por ser accionista de la corporación.

El 2 de julio de 2024, Jarel Cajigas presentó una *Oposición a Moción en Solicitud de Determinaciones de Hechos Iniciales y Reconsideración.*[7] Alegó que Martino

---

[5] Apéndice del Recurso Apelativo, Págs. 1-3.
[6] Apéndice del Recurso Apelativo, Págs. 4-21.
[7] Entrada Núm. 44 del Caso Núm. SJ2024CV01398 del SUMAC.

Díaz usó inadecuadamente la *Moción* presentada para enmendar alegaciones de la *Demanda* e introducir argumentos no presentados oportunamente. Adujo que en dicho escrito, Martino Díaz argumentó por primera vez que está llevando una acción derivativa y no un mero caso de incumplimiento contractual. Además, sostuvo que las alegaciones de la *Demanda*, aun interpretándolas de la manera más favorable a Martino Díaz, no justifican la concesión de un remedio en contra de este, en su carácter personal.

El 10 de julio de 2024, notificada el día 12 del mismo mes y año, el foro primario emitió una *Resolución,* mediante la cual declaró *No Ha Lugar* la *Moción en Solicitud de Determinaciones de Hechos Adicionales*.[8] Aclaró que desestimó la reclamación en contra de Jarel Cajigas, su esposa y la Sociedad Legal de Gananciales por dejar de exponer una reclamación que justifique la concesión de un remedio, por lo que no consideró los planteamientos de Martino Díaz sobre la deficiencia en el emplazamiento. Expresó que este no presentó escrito en oposición a la desestimación dentro del término concedido y por ello, consideró únicamente la moción de desestimación y la demanda presentada. Concluyó que el único hecho cierto en contra de Jarel Cajigas es que este compareció a la firma del contrato en su capacidad de tesorero de la corporación. Añadió que las demás alegaciones en contra de Jarel Cajigas fueron redactadas de manera generalizada y con alegaciones conclusorias.

Posteriormente, el 15 de julio de 2024, Vázquez Acevedo, esposa de Jarel Cajigas, presentó una *Moción*

---

[8] Apéndice del Recurso Apelativo, Págs. 22-26.

*Adoptando por Referencia la Solicitud de Desestimación y en Solicitud de Desestimación*.[9] En dicho escrito, adoptó por referencia todos los argumentos y fundamentos presentados en la moción de desestimación promovida por Jarel Cajigas, que dio lugar a la *Sentencia Parcial* antes referida. Adujo que esos mismos argumentos le aplican en su carácter personal, tal como le fue aplicada a la Sociedad Legal de Gananciales compuesta por esta y Jarel Cajigas. Señaló, además, que bajo el principio de eficacia relativa de los contratos, estos solo afectan a las partes involucradas en este. Adujo que no es parte del contrato objeto de la *Demanda* y que en dicho contrato no existe ninguna disposición contractual ni legal que establezca responsabilidad solidaria con esta.

En esa misma fecha, Joel Cajigas y Colón Franco, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos, presentaron una *Moción Adoptando por Referencia la Solicitud de Desestimación y en Solicitud de Desestimación.*[10] En esta, esbozaron los mismos argumentos que Vázquez Acevedo. Añadieron que tampoco se presentaron alegaciones especificas en su contra que fundamentan la concesión de un remedio a favor de Martino Díaz.[11]

El 6 de agosto de 2024, notificada el día siguiente, el foro primario emitió otra *Sentencia Parcial*.[12] Mediante el referido dictamen, declaró *Ha Lugar* tanto la solicitud de desestimación presentada por Vázquez Acevedo, como la presentada por Joel Cajigas, Colón

---

[9] Apéndice del Recurso Apelativo, Págs. 119-121.
[10] Apéndice del Recurso Apelativo, Págs. 122-124.
[11] El 8 de Agosto de 2024, Martino Díaz se opuso a ambas solicitudes presentadas (Apéndice del Recurso Apelativo, Págs. 127-133 y 134-138).
[12] Apéndice del Recurso Apelativo, Págs. 27-31.

Franco y la Sociedad Legal de Gananciales compuesta por ambos. Concluyó que el reclamo por parte de Martino Díaz se fundamenta en una serie de contratos suscritos entre este y la corporación MEDIREC, LLC. Añadió que, sin embargo, no hay alegaciones específicas sobre actuaciones de Joel Cajigas relacionadas a la reclamación incoada por Martino Díaz. En consecuencia, desestimó la *Demanda* en cuanto a Vázquez Acevedo, Joel Cajigas, Colón Franco y la Sociedad Legal de Gananciales compuesta por ambos.

Inconforme, el 12 de agosto de 2024, el apelante acudió ante esta Curia mediante un recurso de *Apelación* e hizo el siguiente señalamiento de error:

> ERRÓ EL TPI AL DESESTIMAR PARCIALMENTE EN FAVOR DE LOS APELADOS AL APARO DE LA REGLA 10.2(5) DE PROCEDIMIENTO CIVIL PUESTO A QUE LA DEMANDA CONTIENE ALEGACIONES CERTERAS SOBRE SUS ACTUACIONES EN CUANTO A VIOLACIÓN DE DEBERES FIDUCIARIOS Y COMO OFICIALES DE LA CO-DEMANDADA MEDIREC INC ANTE EL APELANTE.

El 2 de octubre de 2024, compareció ante nos Jarel Cajigas, Vázquez Acevedo y la Sociedad Legal de Gananciales que estos componen, por medio de un *Alegato de la Parte Demandada-Apelada*.[13] En síntesis, alegaron que las alegaciones de la *Demanda* carecen de especificidad y hechos concretos que justifiquen la imposición de responsabilidad personal hacia ellos. Adujeron que las alegaciones de fraude y violación de deberes fiduciarios son vagas y conclusorias. Además, sostuvieron que el intento del apelante de "recaracterizar" su acción como una acción derivativa es improcedente y tardía, y que existen discrepancias

---

[13] Véase Expediente del Recurso KLAN202400755.

significativas entre las alegaciones de la *Demanda* y lo planteado en la *Apelación*.

Mediante *Sentencia* del 15 de octubre de 2024, desestimamos el recurso ante nos por incumplimiento con las Reglas 17 y 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y de la Sección 5 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada. En dicho dictamen, razonamos que en la medida en que el apelante solicitó la revocación de dos sentencias parciales, tenía la obligación de presentar recursos apelativos separados, cancelando a su vez los aranceles correspondientes a cada uno de ellos.[14]

Inconforme, el 20 de diciembre de 2024, el apelante acudió ante el Tribunal Supremo de Puerto Rico por medio de un escrito de *Apelación*, el cual fue acogido por el Más Alto Foro como un *certiorari*.

El 8 de diciembre de 2025, el Tribunal Supremo emitió una *Sentencia*, mediante la cual revocó nuestro dictamen y nos devolvió el caso para atender en los méritos el recurso de apelación presentado por el apelante.[15]

El 17 de febrero de 2026, Jarel Cajigas, Vázquez Acevedo y la Sociedad Legal de Gananciales que estos componen, presentaron ante nos un *Alegato Adicional de la Parte Apelada*.[16] En este, reafirmaron sus argumentos previamente presentados. Alegaron, además, que hay una ausencia total de alegaciones específicas de conducta

---

[14] El 30 de octubre de 2024, el apelante presentó ante nos una *Moción Solicitando Reconsideración* (Véase Expediente del Recurso KLAN202400755), a la cual Jarel Cajigas, Vázquez Acevedo y la Sociedad Legal de Gananciales que ambos componen se opusieron el 14 de noviembre de 2024 (Véase Expediente del Recurso KLAN202400755). Dicha moción de reconsideración fue declarada *No Ha Lugar* el 21 de noviembre de2024 mediante *Resolución* (Véase Expediente del Recurso KLAN202400755).
[15] Véase Expediente del Recurso KLAN202400755.
[16] Véase Expediente del Recurso KLAN202400755.

personal por su parte y que el apelante lo que intenta es ampliar el alcance de la *Demanda* en etapa de apelación.

Habiendo recibido el mandato del Tribunal Supremo respecto al caso de epígrafe, estamos en posición de resolver la controversia ante nos. Veamos.

-II-

A.

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Ello responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica[17]. No obstante, nuestro ordenamiento jurídico permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente[18]. Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir[19].

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil[20] es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda

---

[17] Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993).
[18] *Maldonado v. Srio. De Rec. Naturales*, 113 DPR 494, 498 (1982).
[19] *S.L.G. Sierra v. Rodríguez*, 163 DPR 738 (2005).
[20] 32 LPRA Ap. V, R. 10.2.

presentada en su contra[21]. Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable[22].

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas[23]. Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante[24]. En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante[25].

Tampoco procede la desestimación si la demanda es susceptible de ser enmendada[26]. En otras palabras, se debe considerar, "*si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una*

---

[21] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006).
[22] 32 LPRA Ap. V, R. 10.2; *Díaz Vázquez et al. v. Colón Peña et al.*, 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Inmob. Baleares et al. v. Benabe et al.*, 2024 TSPR 112, resuelto el 21 de octubre de 2024; *Rivera, Lozada v. Universal*, 2024 TSPR 99, resuelto el 11 de septiembre de 2024; *Costas Elena y otros v. Magic Sport* y otros, 213 DPR 523 (2024);
[23] *BPPR v. Cable Media*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares et al. v. Benabe et al.*, supra; *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021).
[24] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998).
[25] *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013).
[26] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429.

*reclamación válida*"[27]. Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[28].

**B.**

Nuestro ordenamiento procesal establece en la Regla 6.1 de Procedimiento Civil[29] que, una alegación que exponga una solicitud de remedio contendrá: "(1) Una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio; y (2) una solicitud del remedio a que crea tener derecho."[30] Conforme a lo anterior, "no tienen que exponerse detalladamente en la demanda todos los hechos que dan base a la reclamación".[31] Lo esencial es que, "a la luz de las alegaciones de la demanda, los demandados estén razonablemente prevenidos de lo que los demandantes intentan reclamar".[32] Ahora bien, es norma reiterada que, "las alegaciones se interpretarán de manera conjunta y liberalmente a favor de la parte demandante, con el objetivo de hacer justicia."[33] En fin, nuestro más Alto Foro reiteradamente ha "advertido que el propósito de las alegaciones es notificar a la parte

---

[27] *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).
[28] *Costas Elena y otros v. Magic Sport y otros*, supra.
[29] 32 LPRA Ap. V, R. 6.1.
[30] *Íd.*
[31] *León Torres v. Rivera Lebrón*, 204 DPR 20, 40 (2020), citando el *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial, diciembre 2007, Vol. I, pág. 70.
[32] *Ortiz Díaz v. R & R Motors Sales Corp.*, 131 DPR 829, 835 (1992).
[33] *León Torres v. Rivera Lebrón*, supra; *Torres v. Torres*, 179 DPR 481, 501 (2010); *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93 (2002); *León v. Rest. El Tropical*, 154 DPR 249 (2001).

contraria, a grandes rasgos, de las reclamaciones en su contra para, de este modo, brindarle la oportunidad de comparecer al proceso y defenderse, si es que lo desea".[34]

En ese sentido, el documento debe incluir "un mínimo de detalle que informe sobre los alegados actos lesivos que causaron el alegado perjuicio".[35] En esencia, "debe contener un grado suficiente de información sobre las imputaciones de suerte que le permita a la parte demandada entender la sustancia de lo que debe defender. De lo contrario, la parte en la defensiva tendría que adivinar las causas a ser litigadas en su contra".[36]

## c.

Por otro lado, las corporaciones tienen personalidad jurídica y patrimonio propio, por lo cual la responsabilidad de sus accionistas está generalmente limitada al capital que han aportado.[37]

No obstante, como excepción, el patrimonio individual de los accionistas está sujeto a responder por las obligaciones de la corporación cuando esta es meramente un *alter ego* cuyo fin es promover el fraude, la injusticia, evadir alguna obligación estatutaria o derrotar la política pública.[38] De modo que una corporación se considera un *alter ego* de sus accionistas, cuando entre estos existe tal interés y propiedad que sus personalidades se confunden; de modo

---

[34] *León Torres v. Rivera Lebrón*, *supra*, pág. 41
[35] *Íd.*, citando a J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra ed. rev., [s. l.], [ed. del autor], 2012, pág. 86.
[36] *Íd.*, pág. 80.
[37] *DACO v. Alturas de Fl. Dev. Corp. y otro*, 132 DPR 905, 924-925 (1993); *Santaella v. Srio. de Hacienda*, 96 DPR 442, 451 (1968).
[38] *DACO v. Alturas de Fl. Dev. Corp. y otro, supra*, pág. 925; *Srio. DACO v. Comunidad San José, Inc.*, 130 DPR 782, 798 (1992).

que la corporación no tiene realmente una personalidad jurídica independiente de la de sus accionistas.[39]

Bajo este marco doctrinal, quien alegue que no existe una separación adecuada entre el patrimonio del accionista y el de la corporación, tiene que identificar en la demanda los actos y conductas específicas de los accionistas que establezcan que la corporación es un mero artificio para la comisión de actos fraudulentos.[40] En otras palabras, tiene que disponer detalladamente en todas las aseveraciones, las circunstancias que constituyen fraude o error.[41] Importante destacar que el peso de la prueba no se cumple con una mera alegación de que la corporación es un *alter ego* de una persona, sino que se requiere prueba concreta que demuestre que la personalidad del accionista y de la corporación no se mantuvieron adecuadamente separadas.[42]

**-III-**

En su único señalamiento de error, el apelante alega que incidió el Tribunal de Primera Instancia al desestimar parcialmente la *Demanda* en cuanto a los apelados. Sostiene que la *Demanda* incoada detalla las actuaciones y su falta de fiducia y diligencia en el desempeño del cargo de los apelados que le provocó daños al apelante, por lo que deben responder personalmente. No le asiste la razón.

En este caso, el apelante intenta imponerle responsabilidad de unos alegados daños causados por una

---

[39] *DACO v. Alturas de Fl. Dev. Corp. y otro*, *supra*, pág. 925.
[40] C.E. Díaz Olivo, *Mitos y leyendas acerca de la doctrina de descorrer el velo corporativo*, 73 Rev. Jur. UPR 311, 385 (2004).
[41] Regla 7.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 7.2.
[42] *DACO v. Alturas de Fl. Dev. Corp. y otro*, *supra*, pág. 927.

corporación a sus oficiales, en su calidad personal. Como bien mencionamos anteriormente, la regla general es que la responsabilidad por las deudas y obligaciones de una corporación está limitado al patrimonio de la misma corporación. A manera de excepción, los tribunales pueden descartar esa personalidad jurídica de una corporación y sujetar el patrimonio de los accionistas para responder por dichas deudas, cuando esta es meramente un *alter ego* de sus únicos accionistas.

Ahora bien, dicha excepción no opera automáticamente ni en el vacío. Sino que la aplicación de esta excepción dependerá de los hechos y las circunstancias específicas del caso particular, a la luz de la prueba presentada.[43] Como bien mencionamos, no es suficiente una mera alegación de que la corporación es un *alter ego* de una persona. Por el contrario, quien hace esa alegación tiene el peso de la prueba de demostrar, con prueba concreta, que la personalidad de la corporación y la del accionista no se mantuvieron adecuadamente separadas.

En este caso, el apelante se limitó a alegar que los apelados son empleados de la corporación y que firmaron un contrato suscrito con el apelante, en calidad de oficiales de esta. Expone alegaciones generales de que los apelados utilizan la corporación como un *alter ego* en interés de lucrarse personalmente a ellos y a sus familias. Sin embargo, fuera de firmar el contrato como oficiales de la corporación, el apelante no detalla hechos específicos que notifique a

---

[43] *DACO v. Alturas de Fl. Dev. Corp. y otro*, *supra*, págs. 925-926.

los apelados las reclamaciones en su contra, en su calidad personal.

Si bien el apelante alega hechos en contra de la corporación y de los apelados en su calidad oficial dentro de la corporación, no establece una reclamación que justifique la concesión de un remedio, en contra de los apelados personalmente. Aunque en la *Demanda* no se requiere prueba concreta, sí se requiere un mínimo de detalle que informe a los demandados sobre los alegados actos lesivos que causaron el perjuicio. Y en este caso, se refiere a actos cometidos por los apelados en su calidad personal, y no meramente como oficiales de la corporación.

Aun interpretando las alegaciones conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante, estas no exponen una reclamación que justifique la concesión de un remedio en contra de los apelados personalmente. Correctamente concluyó el foro sentenciador que las alegaciones en contra de Jarel Cajigas son generalizadas y conclusorias. Además, que tampoco hay alegaciones específicas sobre actuaciones o hechos adicionales de Joel Cajigas relacionadas a la reclamación de incumplimiento de contrato, violaciones al deber de fiducia y/o daños y perjuicios por el alegado incumplimiento de contrato.

En fin, no erró el Tribunal de Primera Instancia al desestimar las reclamaciones en contra de Jarel Cajigas, Vázquez Acevedo y la Sociedad Legal de Gananciales compuesta por ambos, y aquellas en contra de Joel Cajigas, Colón Franco y la Sociedad Legal de Gananciales compuesta por estos. Por ello, se confirman las *Sentencias Parciales* apeladas.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** las *Sentencias Parciales* apeladas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones